UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE KNOX,

    Plaintiff,

v.                              Case No: 8:17-cv-3088-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Stephanie Knox, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

  **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for SSI on May 14, 2014, alleging a disability onset date of January 1, 2011. (Tr. 344-49). Plaintiff's claim was denied initially on July 29, 2014, and upon reconsideration on October 27, 2014. (Tr. 270-72, 276-80). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Glen H. Watkins on July 12, 2016. (Tr. 166-99). On September 26, 2016, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 68-90). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on October 26, 2017. (Tr. 1-4). Plaintiff initiated the instant action by Complaint (Doc. 1) on December 26, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 14, 2014, the application date. (Tr. 73). At step two, the ALJ found that Plaintiff had the following severe impairments: anemia, carpal tunnel syndrome, cubital tunnel syndrome, fibromyalgia, neuropathy, depression, anxiety disorder, and post-traumatic stress disorder. (Tr. 73). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 74).

Before proceeding to step four, the ALJ found that Plaintiff, through the date last insured, had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b). The claimant can lift up to 20 pounds occasionally, and she can lift and carry up to 10 pounds frequently. The claimant can stand and/or walk for 6 hours in per 8-hour workday, and sit for 6 hours per 8-hour workday with normal breaks. The claimant can frequently perform all postural functions to include, climbing ladders, ropes, scaffolds, ramps, and stairs. The claimant can frequently balance, stoop, kneel, crawl, and crouch. She is limited to frequent feeling bilaterally. The claimant can perform unskilled work with a SVP of 1 and 3, with work that is simple, routine task, with occasional interaction with the public.

(Tr. 76). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a receptionist. (Tr. 82).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 82-83). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as marker, production inspector/final, and filter assembler. (Tr. 83). The ALJ concluded that Plaintiff had not been under a disability since May 14, 2014, the date the application was filed. (Tr. 83).

**II. Analysis**

Plaintiff argues that the ALJ erred by failing to consider whether Plaintiff met Listing 5.08, entitled "Weight loss due to any digestive disorder." (Doc. 25 p. 7-9). Plaintiff notes that she testified at the administrative hearing that she had irritable bowel syndrome and that the medical record shows that her body mass index ("BMI") was less than that required by Listing 5.08. (Doc. 25 p. 8). Plaintiff contends that there was sufficient evidence and testimony to require the ALJ to address Plaintiff's complaints of fecal urgency, frequency, and incontinence, and to require the ALJ to analyze whether the claimant met Listing 5.08. (Doc. 25 p. 8). In response, Defendant

argues that Plaintiff failed to demonstrate that she had a medically determinable digestive impairment or that the ALJ was required to consider Listing 5.08. (Doc. 29 p. 7-9).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). To meet a listing,

> a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings."

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)(citations omitted); *see* 20 C.F.R. §§ 404.1525, 404.1526; *Wilkinson o/b/o Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). A claimant's impairments must meet or equal all of the specified medical criteria in a particular listing for the claimant to be found disabled at step three of the sequential evaluation process. *See Sullivan v. Zebley*, 493 U.S. 521, 530-32 (1990). To meet Listing 5.08, a claimant must show "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period."

In this case, the Court finds no error in the ALJ's step three finding that that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While Plaintiff cites to medical records showing that she had a BMI below 17.50 and her testimony that she had IBS at the hearing, Plaintiff fails to identify any occasion when any acceptable medical source diagnosed her based on objective medical evidence with IBS or any other digestive condition that actually caused weight loss that met the listing during the relevant period. In addition, Plaintiff

fails to identify any evidence that her BMI of less than 17.50 persisted despite continuing treatment for a digestive disorder. At the administrative hearing, Plaintiff's counsel made no indication that Listing 5.08 was at issue. Given the lack of evidence in the record and Plaintiff's counsel's failure to even raise the issue, the Court finds no error in the ALJ's decision not to specifically address whether Plaintiff met Listing 5.08.

Furthermore, the Court finds no error in the ALJ's failure to explicit consider Plaintiff's testimony concerning her complaints of fecal urgency, frequency, and incontinence. The ALJ implicitly discounted Plaintiff's alleged digestive system impairments as part of his determination that Plaintiff's subjective statements were inconsistent with the other evidence. The medical record does not support Plaintiff's allegations at the hearing that she experienced an urgent need to use the bathroom up to six times per day due to IBS. (Tr. 187). The evidence from the relevant period showed that Plaintiff consistently denied gastrointestinal symptoms and demonstrated normal evaluations, and she was not diagnosed based on objective medical evidence with, or treated for, IBS or any similar condition (Tr. e.g., 492, 527-528, 563-565, 567-568, 574-576, 580-581, 592, 668-670, 672, 681, 749, 753, 760-763, 790, 845-849).

Plaintiff has failed to demonstrate that the ALJ erred by not considering whether Plaintiff met Listing 5.08. Accordingly, the Court will not disturb the ALJ's findings on review.

**III.     Conclusion**

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties